## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| KELVIN BROWN,<br><br>    Plaintiff<br><br>v.<br><br>FRED LOTT CONSTRUCTION CO., INC.,<br><br>    Defendant | CIVIL ACTION FILE NO. |

## <u>COMPLAINT</u>

Plaintiff KELVIN BROWN brings this Complaint for damages and other relief against Defendant FRED LOTT CONSTRUCTION CO., INC. and alleges as follows.

## INTRODUCTION

This is an action for unpaid overtime wages pursuant to § 216(b) of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").

## PARTIES

1.    Plaintiff KELVIN BROWN ("Plaintiff" or "Brown") is a citizen of Georgia and resides in Decatur, Georgia.

2.    Defendant FRED LOTT CONSTRUCTION CO., INC. ("FLC") is a Georgia corporation.

3.    FLC's principle office is located at 4382 Lilburn Industrial Way, SW in Lilburn, GA 30047.

4.    FLC may be served with process by delivering a copy of the Summons and this Complaint to FLC's registered agent, Fred Lott, at 4382 Lilburn Industrial Way, SW in Lilburn, GA 30047.

## JURISDICTION

5.    The Court has original jurisdiction over Plaintiff's claim pursuant to 28 U.S.C. § 1331, because Plaintiff's claim raises a question of federal law.

## VENUE

6.    Under 28 U.S.C. § 1391, venue is proper in the Northern District of Georgia because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within the Northern District of Georgia.

7.    Pursuant to Local Rule 3.1(B)(1)(a) and § 1391(d), venue is proper in the Atlanta Division, because Defendant resides in Gwinnett County.

## COUNT 1
## REFUSAL TO PAY OVERTIME

8.    Plaintiff restates and incorporates into this count all previous allegations.

COVERAGE

9.    Plaintiff worked as an employee of FLC from October 27, 2014 to February 21, 2016.

10.   While working for Defendant FLC, Plaintiff was engaged in interstate commerce and/or in the production of goods for commerce.

11.   Defendants qualify as "employers" within the meaning of the FLSA. 29 U.S.C. § 203(d).

3

12. Plaintiff was an "employee" within the meaning of the FLSA. 29 U.S.C. § 203(e).

13. In the three years prior to the filing of this Complaint, FLC has been and continues to be engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

14. In the three years prior to the filing of this Complaint, FLC has been and continues to be an "employer" engaged in interstate commerce and/or the production of goods for commerce within the meaning of the FLSA.

15. In the three years prior to the filing of this complaint, FLC has employed one or more individuals who handled materials that traveled in interstate commerce.

16. In each of the three years prior to the filing of this complaint, FLC has had an annual gross volume of sales made or business done in excess of $500,000.

17. FLC's annual gross volume of sales made or business done in the current calendar year will exceed $500,000.

## REFUSAL TO PAY OVERTIME

18.   Brown worked for FLC as a manual laborer.

19.   As a manual laborer, Brown tied rebar, finished concrete foundations, and built walls and foundations.

20.   FLC paid Brown an hourly rate of $12.00 per hour.

21.   Brown worked a variable schedule, depending on the requirements of FLC and its customers.

22.   On a typical week, Brown worked Monday through Saturday from 7:00 AM to 6:00 PM, and Sunday from 7:00 AM to 4:00 PM.

23.   However, Brown would regularly work longer hours.

24.   Much of Brown's work was done on construction sites in states other than Georgia.

25.   As a result, FLC frequently required Brown to ride with other laborers to locations in states other than Georgia.

26.   Most of these rides occurred during normal working hours.

27.   At least some of these rides occurred during weeks when Brown worked more than 40 hours.

28.   However, FLC consistently refused to record or to pay for ride time.

29.   As a result, FLC consistently refused to record or pay for compensable overtime under the FLSA.

30.   In addition, there were numerous occasions on which Brown was required to work through lunch.

31.   However, on such occasions, FLC had a policy of deducting one hour for lunch, regardless of whether lunch was actually taken.

32.   FLC violated the FLSA when it refused to pay Brown overtime hours for work performed in excess of forty (40) hours per week.

## PRAYER FOR RELIEF

Based on the allegations set forth in this Complaint, and the evidence as it is developed in this case, Plaintiff respectfully prays that:

(a)   A declaratory judgment against FLC that it violated the FLSA;

(b)   A declaration that the violation was willful;

(c)     A monetary judgment against FLC, including:

     i)     Unpaid wages and overtime,

     ii)     Liquidated damages,

     iii)     Reasonable costs and attorney fees, and

     iv)     Prejudgment interest;

(d)     Such other relief as the Court deems just and proper.

## <u>DEMAND FOR JURY TRIAL</u>

Pursuant to Federal Rules of Civil Procedure 38, Plaintiff demands a jury trial on all issues triable by a jury.

Respectfully submitted: July 15, 2016.

MAYS & KERR, LLC
235 Peachtree St., NE
North Tower | Suite 202
Atlanta, GA 30303
T: (404) 410 – 7998
F: (877) 813 – 1845

/s/ James Craig
James Craig
Georgia Bar No. 940586
james@maysandkerr.com

Counsel for the Plaintiff